**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XINGSHAO LI, <br><br> Plaintiff <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | **Case No. 1:26-cv-03970** <br><br><br> Hon. : Thomas M. Durkin <br><br> Magistrate Judge Albert Berry, III |

<u>**DEFENDANT AHORASKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND MOTION FOR LEAVE TO FILE ITS ANSWER TO THE AMENDED COMPLAINT**</u>

Defendant Ahorasky (Store ID: A1D6LUZW9604ZZ, "Defendant") by and through its undersigned counsel, respectfully submits this Response in Opposition to Plaintiff XINGSHAO LI's ("Plaintiff") Motion for Entry of Default and Default Judgment (Dkt. Nos. 43–44) ("Plaintiff's Motion") and moves for leave to file its answer to Plaintiff's Amended Complaint.

## I.  INTRODUCTION

Plaintiff's Motion should be denied outright as good cause exists for Defendant's brief delay in answering the Complaint. Plaintiff's attempted electronic service was not reasonably calculated to provide actual notice, which resulted in Defendant's delayed

appearance. Once Defendant became aware of the case, it promptly engaged with Plaintiff to pursue a settlement, retained counsel, and appeared in good faith to defend itself. Moreover, Defendant has meritorious defenses, including insufficient service of process and invalidity. There is another important reason to deny Plaintiff's Motion based on *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.* ("*Kangol*"), recently ruled by the Court of Appeals for the Seventh Circuit ("7th Circuit"). *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.,* 2026 WL 1502198 (May 29, 2026). Plaintiff submitted no evidence required by *Kangol* to support that Defendant's address could not be found after reasonably diligent efforts in its Motion. Accordingly, Plaintiff's Motion should be denied, and Defendant should be granted leave to file its Answer.

## II.        FACTUAL BACKGROUND

Plaintiff initiated this case by filing its Complaint on April 9, 2026 (Dkt. No. 1.) On April 16, 2026, Plaintiff filed an amended Compliant (Dkt. No. 8). On the next day, April 17, 2026, Plaintiff submitted a motion for a temporary restraining order (TRO) (Dkt. No. 14,) and a motion for alternative service (Dkt. No. 17. )

On May 5, 2026, the Court granted the Plaintiff's motions for a temporary restraining order (Dkt. No. 22, 23) and for alternative service authorizing service by email (Dkt. No. 24-25) On May 21, 2026, the Court issued a summons to "The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A", not addressing the Defendant clearly. Then, on May 22, 2026, Plaintiff filed a certificate

of service stating that service was effected by email to defendants, with a response due by June 12, 2026 (Dkts. 31, 34)

Defendant did not respond by that date, but the omission was not willful. Defendant is a foreign seller based in China, with significant time zone differences and limited English proficiency. The email account used is associated with Defendant's Amazon store and is overwhelmed daily by dozens of automated notifications. *See* Decl. of Wu ¶¶ 4-6.

Defendant did not notice Plaintiff's email when it first arrived. Defendant received a notice from Amazon through the Amazon Seller account that its account had been frozen with the Plaintiff's counsel's email address on May 9, 2026. *See* Decl. of Wu ¶¶ 7. Defendant has attempted to settle this case with Plaintiff through a third party, but failed after days of negotiation. Defendant received the last notice from Plaintiff and the third party on June 10, 2026. *See* Decl. of Wu ¶¶ 8. On June 11, 2026, Defendant consulted with another qualified, licensed American attorney regarding this case. She asked Defendant to forward the Plaintiff's service email. Until then, Defendant found Plaintiff's alleged service email sent on May 22, 2026. *See* Decl. of Wu ¶¶ 9. After that, Defendant promptly sought qualified counsel, formally retaining current counsel on Jun 16, 2026. *See* Decl. of Wu ¶¶ 10. The current counsel filed an appearance on June 17, 2026. The current counsel spent several days familiarizing himself with this case, researching supporting references for defenses, and negotiating with the Plaintiff to settle.

Defendant's quick action demonstrates good faith and diligence in defending itself in this case.

## III.        LEGAL STANDARD

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). This two-step process is outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a) … refers to entry of default by the clerk, it is well established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

Because the Court, not its Clerk, is addressing Plaintiff's present motion, "the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)." *Broadwater v. Kalina*, 2013 WL 3353946, at *1 (S.D. Ind. July 3, 2013). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To succeed under Rule 55(c), a party must show "(1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

In *Kangol*, the 7th Circuit held that the Hague Convention does not allow service by email to China, and therefore, Federal Rule of Civil Procedure 4(f)(3) cannot be used for alternative service by email on defendants in China. *Id*. Furthermore, as required by the 7th Circuit in *Kangol*, if Plaintiff were to contend that the Hague Convention does not apply under Article 1 of the Hague Convention, Plaintiff was required to show reasonably diligent efforts to ascertain and verify Defendant's address before deeming the address unknown.

Rule 6(b)(1)(B) further allows the Court to extend the time to file an answer, for good cause shown, on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect "extends to some cases in which the delay is caused by inadvertence, mistake, or carelessness." *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008). The determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*.

As a practical matter, vacating or denying entry of default would serve little purpose without granting Defendant leave to file an answer. See *Haertle v. Brennan Inv. Grp., LLC*, 2015 WL 12964670, at *2 (E.D. Wis. June 4, 2015). Because Defendant has demonstrated good cause, acted promptly, and possesses meritorious defenses to Plaintiff's Complaint, this Court should not enter default and default judgment against Defendant and should grant Defendant leave to file its answer.

## IV. ARGUMENT

**A. Good Cause Exists to Deny Plaintiff's Motion for Entry of Default and to Grant Defendant Leave to File its Answer to Plaintiff's Amended Complaint**

Plaintiff has not effected service in a manner reasonably calculated to provide actual notice. Plaintiff relies on alternative service by email authorized by the Court's May 5, 2026 order (Dkt. No. 24, 25), but the email addresses used are tied to Defendant's Amazon storefront rather than a routinely monitored business mailbox. These accounts typically receive dozens of automated messages per day—covering order notifications, buyer communications, shipment updates, financial notices, and Amazon platform announcements—and, for that reason, messages are not reviewed individually.

Courts have recognized that ineffective or unreliable service of process itself constitutes "good cause" under Rule 55(c). See *Wilson v. WalMart Stores, Inc.*, No. 15-CV-290, 2016 WL 11481723, at *4 (E.D.N.Y. Aug. 22, 2016), adopted, 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016) ("Ineffective service of process, standing alone, satisfies the 'good cause' requirement of Rule 55(c), warranting vacatur of an entry of default."); *Barnes v. N.Y. State Div. of Human Rights*, No. 13-CV-7378, 2014 WL 4678276, at *3 (S.D.N.Y. Sept. 19, 2014) ("[Defendant] has not yet been properly served and . . . there is therefore good cause under Federal Rule of Civil Procedure 55(c) to set aside the entry of default . . . ."); *Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1010 (N.D. Iowa 2003) ("Because the defendants in question have not been effectively served . . . 'good cause' has been shown for the court to 'set aside [the] entry of default.'"). Moreover, the Seventh Circuit has recognized that a judgment is void as to any party who was not adequately served. *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010). And at least one court in this Circuit has held that ineffective service

of process also satisfies the "excusable neglect" standard of Rule 6(b). See *Nicolai v. CPS Child's Hosp.*, No. 22-CV-365, 2022 U.S. Dist. LEXIS 198400, at \*6 (E.D. Wis. Oct. 31, 2022) (finding delay caused by ineffective service outside defendant's control constituted excusable neglect and granting leave to answer).

### 1. Defendant Has Taken Quick Action to Correct

On June 11, 2026, Defendant consulted with another qualified, licensed American attorney regarding this case. She asked Defendant to forward the Plaintiff's service email. Until then, Defendant found Plaintiff's alleged service email sent on May 22, 2026. *See* Decl. of Wu ¶¶ 9. After that, Defendant promptly sought qualified counsel, formally retaining current counsel on Jun 16, 2026. *See* Decl. of Wu ¶¶ 10. The current counsel filed an appearance on June 17, 2026. The current counsel spent several days familiarizing himself with this case, researching supporting references for defenses, and negotiating with the Plaintiff to settle.

Such immediate corrective steps satisfy the "quick action" factor under Rule 55(c). Defendant's actions demonstrate good faith and a clear intent to defend this case on the merits. The short delay has not prejudiced Plaintiff, and allowing Defendant to answer will not cause any prejudice going forward. Ensuring that Defendant may respond will allow this case to be decided on the merits, consistent with the 7th Circuit's strong policy.

### 2. Defendant Has Meritorious Defenses to Plaintiff's Amended Complaint

"A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question

regarding the propriety of a default judgment, and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Courts in the 7th Circuit emphasize that even a colorable defense weighs heavily against entry of default. See *Tygris Asset Fin. Inc. v. Szollas*, No. 09-CV-2018, 2010 U.S. Dist. LEXIS 56491, at *12–13 (N.D. Ill. June 8, 2010) (denying default in light of brief delay, meritorious defenses, and the strong policy favoring decisions on the merits).

Defendant has several meritorious defenses here.

**(1) Service of Process in Violation of the Hague-Service Convention**

Plaintiff purportedly served Defendant by email. The Defendant in this action is a limited company organized under the laws of China. Plaintiff has identified Defendants in Schedule A by listing Defendants' Seller Alias and Seller ID (Dkt. No. 9 ).

Upon information and belief, Amazon verifies Defendant's trademark and address as required by law and its own policy. The address of the Defendant is easy to find through the Defendant's Amazon Seller Profile and the Defendant's registered No. 98433215 "Ahorasky" trademark. From the Amazon.com Seller Profile of Ahorasky, Defendant's business name is "Shenzhen Ouyuan Technology Co., Ltd" and its business address is "

龙华区民治街道新牛社区
港深国际中心 7A015
深圳市
广东
518131
CN"

Page **8** of **17**



*(Figure 1: Amazon Seller Profile of Ahorasky, which identifies its business name and address)*

Defendant's registered No. 98433215 "Ahorasky" trademark shows Defendant's name and address, as below:



*(Figure 2: Defendant's name and address in its No. 98433215 registered trademark )*

Plaintiff could cross-check Defendant's name and address through these two open source databases. As such, Defendant's name and address are readily and reliably accessible to Plaintiff, and service of process to Defendant should be governed by the Hague Service Convention. Plaintiff's email service of process to Defendants should therefore be deemed in violation of the Hague Service Convention because Plaintiff has made no effort to comply with the process mandated by the Convention. *See Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019) ("Because email would bypass the methods of service the Hague Convention authorizes, the Convention preempts it as inconsistent"); *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022) (holding that service via e-mail was not permitted in China under the Hague Convention).

After the 7th Circuit ruled on *Kangol* on May 29, 2026, the Court is required to "first determine whether the Convention applies at all". *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.,* 2026 WL 1502198 (May 29, 2026). However, when Plaintiff filed this Motion before the Court for entry of default judgment on June 23, 2026, Plaintiff did not submit any evidence to help the Court make a decision on this matter. So, Plaintiff's Motion should be denied.

**(2) Plaintiff's '361 Patent is Likely Invalid for Lack of Non-Obviousness.**

Under 35 U.S.C. §§ 103 (non-obviousness), a design patent is invalid if the claimed design was obvious to a designer of ordinary skill in the art as of the patent's effective filing date. Here, Plaintiff's US D1,052,361 S ("'361 Patent") fails this non-obviousness requirement, as it would have been obvious to a skilled designer before its respective filing date, June 21, 2024.

Here is the patented mold sold by Plaintiff on its own website.



*(Figure 3: Plaintiff's Patented Mold by '361 Patent)*

Defendant submits two prior art references which would invalidate or raise a substantial question as to the validity of Plaintiff's '361 Patent.

The first prior art reference is a chocolate mold used by Sarah Hamouda ("Sarah's Mold"), the designer of "Dubai Chocolate bar," which became very popular on social media since 2024, as shown in an interview video posted by CNN Travel on June 19, 2024, at https://edition.cnn.com/travel/dubai-viral-chocolate-bar-fix-hnk-spc. Sarah's Mold has three units to make three chocolate bars.



*(Figure 4: Sara's Mold posted by CNN Travel on June 19, 2024)*



*(Figure 5: three chocolate bars made with Sara's Mold)*

Through a detailed comparison between Sarah's Mold and Plaintiff's '361 Patent as shown in the table, the similarities and differences are clearly as follows:

| Sarah's Mold | Plaintiff's '361 Patent (To make it clear, here posted the Patented mold) |
|---|---|
|  | |
| 1) Each unit of Sarah's Mold has a surrounding edge confined by four plates; | |

2) The inside bottom of each unit of Sarah's Mold has horizontal and vertical grid lines used to create indentations on the surface of chocolate bar, which are similar to Plaintiff's '361 Patent. The widths of the grid lines in Sarah's Mold and '361 Patent are similar, which create similar visual effects;

3) The inside of each unit of Sarah's Mold does not have a groove at the bottom edge, but Plaintiff's '361 Patent has.

The second prior art reference is a chocolate bar mold sold by Fimary Store on Amazon.com since March 21, 2022, which is prior to Plaintiff's '361 Patent application date ("Fimary Mold"). From the picture of Fimary Mold, it has six units, which is similar to Plaintiff's '361 Patent, has a groove at the bottom edge, and does not have a surrounding edge confined by four plates. The major difference between the Fimary Mold and '361 Patent is the widths of the grid lines. The width of the grid lines of Fimary Mold is greater than that of '361 Patent. The visual effect has some differences.



*(Figure 6: Fimary Mold)*

Page **14** of **17**

However, in the view of Sarah's Mold, a skilled designer could easily modify the width of the grid lines of Fimary Mold, inspired by Sarah's Mold. Then each modified unit of Fimary Mold is equal to the '361 Patent. This process does not require much creative effort. Thus, the '361 Patent is obvious and invalid.

Taken together, Defendant's defenses raise serious and substantial questions of law and fact, confirming that Plaintiff's claims are far from a foregone conclusion. The 7th Circuit has repeatedly emphasized that cases should be resolved on their merits rather than by default. See, e.g., *Tygris Asset Fin. Inc. v. Szollas*, No. 09 C 2018, 2010 U.S. Dist. LEXIS 56491, at *12–13 (N.D. Ill. June 8, 2010) ("In light of the relatively brief delay occasioned by Barsa's technical default, her meritorious defenses, and the Seventh Circuit's policy of favoring trial on the merits over default judgment, the court denies Szollas' motion for entry of a default or default judgment against Barsa."). Accordingly, the entry of a default judgment would be improper.

## V.        CONCLUSION

For these reasons, Defendant respectfully submits that this Honorable Court deny Plaintiff's Motion for Entry of Default and Default Judgment. Defendant further requests that it be granted fourteen (14) days from the entry of any decision on this Motion to file its Answer or otherwise respond to the Amended Complaint.

Defendant notes that it has only recently retained counsel, and this opposition has been prepared on an expedited basis in direct response to Plaintiff's Jun 23, 2026, filing. Defendant remains available to supplement these arguments if requested by the Court.

| DATED：June 27, 2026 | Respectfully submitted by: |
|---|---|
| | /s/   *Huan  Liu*<br>Huan Liu (New York #6322028)<br><br>ShangDa Law Firm<br><br>No. ABCDE, 1ST Unit of Phoenix Tower, No. 2008, Shennan Ave., Futian Distr., Guangdong, PRC 518038<br><br>Tel: 086-18576469756<br><br>Email: huan.liu@cloudstonelaw.com<br><br>*Attorney for Defendant "Ahorasky"* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notice of such filing to all counsel of record.

/s/　*Huan Liu*

Huan Liu