**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **XINGSHAO LI,** | |
| Plaintiff, | |
| v. | Civil Action No.: 26-cv-3970 |
| | Honorable Judge Mary M. Rowland |
| **THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | Magistrate Judge Albert Berry, III |
| Defendants. | |

**PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Xingshao Li ("Plaintiff"), through its counsel, moves this Honorable Court to strike Defendant Ahorasky's Response in Opposition to Plaintiff's Motion for Default and Default Judgment (Dkt. No. 47, "Defendant's Response"). In support thereof, Plaintiff states as follows:

1. On June 23, 2026, Plaintiff filed its Motion for Entry of Default and Default Judgment (Dkt. No. 43) and supporting Memorandum (Dkt. No. 44) against the "Defaulting Defendants," a defined subset of remaining Schedule A defendants who failed to answer or otherwise respond or appear before this Court by the June 12, 2026 deadline.

2. Defendant Ahorasky, along with Defendant Xingweno, was excluded from Plaintiff's Motion. Plaintiff did not seek default or default judgment against any defendant who had appeared, filed any motion, or was otherwise active before this Court, as evidenced in Plaintiff's proposed Default Judgment Order submitted to this Court, which excluded Defendant Ahorasky and Defendant Xingweno. Plaintiff's Memorandum further details only those Defendants against whom default and default judgment is sought, discussing

1

sales and requested default judgment amounts, and makes no reference to Defendant Ahorasky or Defendant Xingweno.

3. Prior to the filing of Defendant's Response, Plaintiff's counsel notified Defendant's counsel twice that Ahorasky was not included in the Motion for Default and Default Judgment and that any response on that basis would be moot. Defendant nonetheless proceeded to file Defendant's Response.

4. Because Plaintiff's Motion does not seek default or default judgment against Ahorasky, Defendant's Response is directed at a motion that does not concern it, and there is no relief requested against Ahorasky to oppose. Defendant's Response is therefore improper and immaterial. *See* Fed. R. Civ. P. 12(f).

5. To the extent Defendant's Response is also construed as a motion for leave to file an answer or for an extension of time, Plaintiff does not oppose a reasonable extension. However, Plaintiff notes that Defendant's counsel entered an appearance on June 17, 2026, five days after the June 12, 2026 answer deadline had already passed. Nearly two weeks have passed since that appearance and no answer has been filed, no extension was sought from the Court, and no request was made to Plaintiff's counsel regarding an extension. Plaintiff respectfully submits that any leave or extension granted require Defendant to file its answer promptly.

WHEREFORE, Plaintiff respectfully requests that this Court strike Defendant's Response (Dkt. No. 47) in its entirety.


DATED June 30, 2026                                  Respectfully submitted,

                                                     /s/ Ge (Linda) Lei
                                                     Ge (Linda) Lei


2

Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*