**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XINGSHAO LI, <br><br> Plaintiff <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br><br> Defendants. | Case No. 1:26-cv-03970 <br><br> Hon. : Thomas M. Durkin <br> Magistrate Judge Albert Berry, III |

## DEFENDANT AHORASKY'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS UNDER FED. R. CIV. P. 12(b)(5)

Defendant Ahorasky (Store ID: A1D6LUZW9604ZZ, "Defendant") by and through itsundersigned counsel, appearing specially and without waiving any other defense, objection, or right (all of which are expressly reserved), respectfully submit moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(5), for an order (i) quashing Plaintiff's purported electronic service of process by email upon Defendant; (ii) dismissing the Amended Complaint as to Defendant without prejudice for failure to effect proper service of process..

### I.   **Fact Background**

Plaintiff initiated this case by filing its Complaint on April 9, 2026. Dkt. No. 1. On April 16, 2026, Plaintiff filed an amended Complaint. Dkt. No. 8. On the next day, April 17, 2026, Plaintiff submitted a motion for a temporary restraining order (TRO) , Dkt. No. 14, and a motion for

alternative service alleging that the defendants' "<u>the business addresses are **fictitious** in nature, paralleling their use of **fictitious** seller aliases; ⋯the actual addresses of the persons to be served are not known</u>", Dkt. No. 17.

On May 5, 2026, the Court granted the Plaintiff's motions for a temporary restraining order, Dkt. Nos. 22 and 23, and for alternative service authorizing service by email, Dkt. No. 24-25. On May 21, 2026, the Court issued a summons to "The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A", not addressing the Defendant clearly. Then, on May 22, 2026, Plaintiff filed a certificate of service stating that service was effected by email to defendants, with a response due by June 12, 2026. Dkts. No. 31, 34. On July 7, 2026, the Court granted a Minute order that "finally responses to the complaint are due by 7/13/26". Dkt. No. 49.

## II.  Introduction

First, the Plaintiff has failed to effect proper service of process. The Hague Service Convention applies here because the Defendant's address in China is, and at all relevant times was, known and reasonably ascertainable. Defendant's address was reasonably discoverable and could be cross-checked through standard sources of information, including Chinese business registration records and Defendant's **No. 7611852 "Ahorasky" registered trademark,** <u>which is the same as Defendant's Seller alias</u> in the USPTO database. Meanwhile, in Exhibit C to Plaintiff's Amended Complaint, the Plaintiff has posted a screenshot of Defendant's address through Google Maps, which shows the office building, Gangshen International Center, where the Defendant's office room 7A015 is located. There is no doubt that Plaintiff knows the building where the Defendant's office 7A015 is located is real, but not fictitious.

Second, under the binding ruling of *Kangol* by the Seventh Circuit, the Hague Service Convention prohibits service by email upon defendants in China, and the district court shall "first determine whether the [Hague] Convention applies at all". *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.,* 2026 WL 1502198 (May 29, 2026). The Plaintiff willfully ignored Defendant's real address and its real identification, as shown by its trademark, alleged that its address and identification are fictitious, and filed a motion with the Court for alternative service to avoid the application of the Hague Service Convention to the Defendant. Thus, Defendant requests that this Court quash Plaintiff's purported electronic service of process and dismiss the Complaint as to Defendant under Rule 12(b)(5) since Defendant has not been properly served.

### III. LEGAL STANDARD

In *Kangol*, the Seventh Circuit ruled that the Hague Service Convention prohibits service of process by email upon defendants located in China with a known address. The Seventh Circuit made it clear that: "Article 1 states that the [Hague] Convention 'shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad', but "shall not apply where the address of the person to be served with the document is not known '." *Id* at 8.

Rule 4(f)(3) authorizes service of process upon a foreign entity "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) . Means "prohibited by international agreement" means that it violates the Hague Service Convention. See *Kangol,* at 8, 13-14.

Without valid service, a federal court lacks personal jurisdiction over the defendant. *Mid-Continent Wood Prods. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) ("This court has long

recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant").

**IV. Argument**

**A. Under *Kangol,* Plaintiff's Alternative Service Upon Defendant Was Improper Because the Hague Service Convention Applies and Prohibits Email Service in China.**

The Seventh Circuit's ruling in *Kangol* is directly controlling in this case. It establishes that, in a Schedule A case against a Chinese e-commerce defendant, two questions determine the propriety of email service: (1) does the Hague Service Convention apply (which turns on whether the defendant's address is known); and (2) if the Convention applies, does it permit email service in China. *Kangol* resolves the second question definitively in the negative. The Court should first determine the first question. And on the facts of this case, it must be resolved in Defendant's favor.

**(1) The Hague Service Convention Applies Because The Defendant's Identification and address are clearly known to the public, including the Plaintiff.**

Article 1 of the Hague Service Convention provides that the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," but "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. at 362. The Supreme Court has held that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705-06 (1988).

Defendant's identification and address were, and are, known and reasonably ascertainable, but not fictitious, as alleged by Plaintiff. Defendant's identification and address could be found by:

- Amazon.com verifies and maintains all sellers' profiles on its platform, including sellers' identification and business. The Plaintiff has filed the Defendant's Seller profile, which has shown its business name and address in Exhibit C to Plaintiff's Amended Complaint. The business name of Defendant is "Shenzhen Ouyuan Technology Co., Ltd", the business address is "龙华区民治街道新牛社区港深国际中心 7A015 深圳市 广东 518131 CN.

- Defendant's identification and address could be cross-checked by its registered trademark "Ahorasky" in the USPTO database. Dkt. No. 47-4. Through TSDR, the registered trademark "Ahorasky" is owned by the Defendant, Shenzhen Ouyuan Technology Co., Ltd., having address at "7A015, Gangshen International Center Minzhi Street, Longhua District Shenzhen, Guangdong CHINA 518000". The English translation of the address is identical to the Chinese version shown in Defendant's Seller Profile. The Defendant's identification and address are not fictitious at all.

- Defendant's identification and the business address are recorded in Chinese business registration databases, which are publicly searchable and to which Plaintiff and its counsel have access through ordinary channels (such as the China National Enterprise Credit Information Publicity System, a government-owned website accessible to all) available to cross-border e-commerce IP litigators.

In Exhibit C to Plaintiff's Amended Complaint, Plaintiff has posted a Google Maps screenshot of a search of Defendant's business address. It has shown the office building, Gangshen International Center, "**open now**". It is clear to the plaintiff that the office building is real. And from Defendant's office room number 7A015, it's obvious that the office building has many office rooms for different companies/entities.

However, the Plaintiff ignored this fact and stated that "there does not appear to be a single business address that returns a location matching the seller alias name or purported business name, respectively". Dkt. No. 11. Defendant is a small company in such an office building, and its US trademark name is not registered in China. On the other hand, Plaintiff did not show that Google Maps could not find an office room in a building. Thus, it's normal that there is no matching result in Google Maps.

In view of the fact that the office building in which Defendant's business address is located is real and Defendant's business name and address are double verified by Amazon.com and the USPTO database, it should be found that Defendant's address is known to the public, including the Plaintiff. Plaintiff did not exercise reasonably diligent efforts to ascertain and verify the defendant's address to the Court. Plaintiff's such generic statements of that kind cannot satisfy the reasonable-diligence standard. See *Kangol* at 9 (requiring "reasonably diligent efforts to ascertain and verify" the defendant's address.)

As the Defendant's address is and was known and Plaintiff fails to exercise reasonably diligent efforts to ascertain and verify the Defendant's address, the Hague Service Convention applies.

**(2) The Hague Service Convention Prohibits Email Service in China.**

Once the Convention applies, the Seventh Circuit's decision in *Kangol* forecloses email service in China. The Seventh Circuit held that the Convention is exclusive: "where it applies, it provides the permissible means of service and excludes all others." Slip op. at 10. The Convention does not affirmatively authorize service by email. Article 10(a)'s postal-channels provision, even if construed to encompass email, is unavailable here because China has objected to Article 10(a). *Id*. at 13 ("it's undisputed that China has objected to service under Article 10(a)"). And no other provision of the Convention authorizes service by email in China. *Id*. ("*Kangol* doesn't assert that any other portion of the Convention authorizes email service.").

The Seventh Circuit's conclusion in *Kangol* is unambiguous: "We therefore conclude that the Hague Service Convention prohibits service by email in China." *Id*. at 13-14. That conclusion is binding on this Court and is dispositive of Plaintiff's purported service upon Defendant.

Accordingly, the Hague Service Convention bars service of process via email into China, rendering the Plaintiff's attempted email service upon the Chinese Defendants a violation of the Convention.

**(3) Rule 4(f)(3) Cannot Cure Plaintiff's Defect in Its Alternative Service Motion.**

This Court's prior order permitted alternative service by email under Federal Rule of Civil Procedure 4(f)(3), which authorizes service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added). But Rule 4(f)(3) does not authorize the Court to permit service by means that are prohibited by an applicable international agreement. To the contrary, the very text of the rule excludes such

means. See *Kangol*, slip op. at 8 ("Rule 4(f)(3) authorizes service on a foreign entity by means 'not prohibited by international agreement[.]'"). Where, as here, the Hague Service Convention applies and prohibits the proposed method of service, an order purporting to authorize that method under Rule 4(f)(3) is necessarily insufficient as a matter of law to effect valid service. The Court's prior email-service order, entered before *Kangol*, cannot save service that the Convention prohibits.

Accordingly, Plaintiff's Reliance on Rule 4(f)(3) Cannot Cure the Defect of Insufficient Service of Process.

**B. The Court Should Quash the Electronic Service and Dismiss the Complaint as to Defendant.**

The remedy for insufficient service of process under Rule 12(b)(5) is dismissal or, at the Court's discretion, vacating the alternative service order, granting service to allow re-service. Defendant respectfully requests both forms of relief. Because Plaintiff's purported service was prohibited by the Hague Service Convention, service should be quashed.

**C. Reservation of Rights**

This Motion is offered as a special appearance for the limited purpose of contesting service of process under Rule 12(b)(5). Defendant expressly reserves all rights, defenses, objections, and counterclaims not raised herein, including, without limitation, all defenses on the merits of Plaintiff's claims and any defenses available under Rule 12(b)(6) or otherwise should the Court conclude (contrary to Defendant's position) that service was effective. Nothing in this Motion or the accompanying papers constitutes an admission of any factual allegation or legal conclusion in the Complaint, or a submission to the jurisdiction of this Court on the merits.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an order (i) quashing Plaintiff's purported alternative service of process by email upon Defendant; (ii) dismissing the Complaint as to Defendant without prejudice for insufficient service of process under Fed. R. Civ. P. 12(b)(5); and (iii) granting such other and further relief as the Court deems just and proper.

DATED: July 10, 2026

Respectfully submitted by:

/s/  *Huan  Liu*
Huan Liu (New York #6322028)

ShangDa Law Firm

No. ABCDE, 1ST Unit of Phoenix Tower, No. 2008, Shennan Ave., Futian Distr., Guangdong, PRC 518038

Tel: 086-18576469756

Email: huan.liu@cloudstonelaw.com

*Attorney for Defendant "Ahorasky"*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notice of such filing to all counsel of record.


*/s/ Huan Liu*

Huan Liu

*Attorney for Defendant "Ahorasky"*