**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **XINGSHAO LI,**<br><br>Plaintiff,<br><br>v.<br><br>**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>Defendants. | Civil Action No.: 26-cv-3970<br><br>Honorable Judge Mary M. Rowland<br><br>Magistrate Judge Albert Berry, III |

**DECLARATION OF GE (LINDA) LEI**

1. I am an attorney with Getech Law LLC and counsel of record for Plaintiff in this action. I am over 18 and competent to testify. I make this declaration in support of Plaintiff's Response in Opposition to Defendant Ahorasky's Motion to Dismiss. The statements are based on my personal knowledge and on records gathered and reviewed at my direction as described below; if called, I could and would testify competently to them.

2. To test the identity and address information that Defendant Ahorasky self-reports, I directed an investigation into the entity named on Defendant's Amazon Seller Profile and United States trademark registration — "Shenzhen Ouyuan Technology Co., Ltd." The investigation used the Chinese corporate-information platform Tianyancha (天眼查), which compiles official PRC business-registration records, and the public mapping services Baidu Maps (百度地图) and Amap (高德地图). I reviewed the records obtained, which are attached as Exhibit B.

1

3.  Attached as Exhibit B is a true and correct compilation of the records I reviewed, consisting of (a) two official Tianyancha company-registration pages, each bearing its source URL (tianyancha.com) and a capture date of July 23, 2026, and (b) screenshots from Baidu Maps, Amap, and a Baidu web search.

4.  Tianyancha's records show a company named 深圳市欧源科技有限公司 (romanized "Shenzhen Ouyuan Technology Co., Ltd."; the operative character is 源, meaning "source"). Its unified social credit code (USCC) is 91440300349729267A; its legal representative is 伍敬明 (Wu Jingming); its registered capital is RMB 3,000,000; and its registered domicile is 深圳市宝安区松岗街道红星社区松风明月花园6栋6-2704 — an address in Bao'an District that the maps show to be a residential apartment complex. Its establishment date is July 28, 2015, and its licensed business scope is industrial and solar power-electronics equipment.

5.  Tianyancha's records show a different company named 深圳市欧缘科技有限公司 (also romanized "Shenzhen Ouyuan Technology Co., Ltd."; the operative character is 缘, meaning "affinity/fate"). Its USCC is 91440300MA5GT08W1G; its legal representative is 吴晗 (Wu Han); its registered capital is RMB 10,000; and its registered domicile is 深圳市龙华区民治街道新牛社区港深国际中心7A015 — the Longhua District office address that appears on Defendant's Amazon Seller Profile and United States trademark. Its establishment date is May 23, 2021, and its licensed business scope includes household goods, toys, daily necessities, and cosmetics.

2

6. These are two distinct legal entities: they have different USCCs, different legal representatives (伍敬明 versus 吴晗), different registered capital (RMB 3,000,000 versus RMB 10,000), registered addresses in different districts of Shenzhen, and different licensed business scopes. The records I reviewed show no connection between them — no shared personnel, addresses, or affiliated companies. Both companies, however, carry the identical romanized English name "Shenzhen Ouyuan Technology Co., Ltd."; only their Chinese characters (源 versus 缘), their unified social credit codes, and their registered addresses distinguish them. Defendant's Amazon Seller Profile and United States trademark registration (Reg. No. 7611852) state only that romanized English name — not any Chinese characters, unified social credit code, or registered domicile — so those records do not themselves identify which of the two entities Defendant is. The registration-specific information they do supply does not point to a single entity: the Longhua District office address they list (港深国际中心7A015) is the registered domicile of 深圳市欧缘科技有限公司 (缘), whose licensed household-goods scope also matches the trademark's listed goods, while the other company — 深圳市欧源科技有限公司 (源) — is registered at a residential apartment in Bao'an District, not that office, and is licensed for power-electronics equipment. No information stated in Defendant's own Amazon profile or trademark registration appears to resolve specifically to 源.

7. The maps confirm that both addresses physically exist: 港深国际中心 (Gangshen International Center) in Longhua is a commercial office building, and 松风明月花园 in Bao'an is a residential apartment complex. A Baidu web search for 深圳市欧源科技有限

3

公司 together with 港深国际中心 returned no result connecting the first entity (源) to the Longhua address. The existence of a building at an address does not establish that the entity Defendant self-reports can be served there.

8. I do not contend that either company acted improperly, that the two are coordinated (the records show no link between them), or that this research has located Defendant's true address for service. The narrow point is that the name and address Defendant self-reports do not resolve to a single registered entity at a single verified address.

9. On or around July 13, 2026, a Google Maps search of the term "Shenzhen Ouyuan Technology Co., Ltd." was conducted. A true and correct copy of the search results is attached as Exhibit A. The results do not include Defendant's claimed address at Gangshen International Center; instead, they return several similarly-named but distinct entities at unrelated addresses.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on the 28th day of July 2026, in Chicago, IL, United States.

Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei

4