**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **XINGSHAO LI,**<br><br>Plaintiff,<br><br>v.<br><br>**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>Defendants. | Civil Action No.: 26-cv-3970<br><br>Honorable Judge Mary M. Rowland<br><br>Magistrate Judge Albert Berry, III |

## MOTION TO STRIKE DEFENDANT AHORASKY'S REPLY, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff Xingshao Li ("Plaintiff"), by and through their counsel, respectfully move this Court to strike the new declarations, new exhibits, and new arguments contained in Defendant AHORASKY's ("Defendant") Reply in Support of its Motion to Dismiss (Dkt. 59) ("Reply"), or, in the alternative, for leave to file a sur-reply of no more than 15 pages within 14 days of this Court's order.

## I.     INTRODUCTION

Defendant's Reply is a second motion, not an actual reply. Rather than engage with Plaintiff's Response or the record, Defendant used its reply brief to submit two new declarations, eight new exhibits — including, for the first time in this case, a Chinese government business registration record — an expanded search result Defendant itself generated after Plaintiff's Response was filed, a demand for relief beyond what its own Motion requested, and an accusation

1

that Plaintiff's counsel made "willful false statements". None of this appeared in Defendant's Motion. Plaintiff raised no new arguments in its Response — it simply identified that Defendant's Motion rested on a citation to a filing this Court had already struck and offered no evidence of its own, and Plaintiff still addressed the few, inadequate pieces of information contained in the struck material. [56]. Defendant's Reply seeks to rectify the shortcomings through new evidence and new theories rather than engage with the record.

The procedural posture is straightforward. Defendant filed its Motion to Dismiss attaching no exhibits and no declaration, resting entirely on a citation to Dkt. 47-4 — an exhibit to a filing already struck in its entirety. [49], [51]. Plaintiff filed its Response identifying that defect as well as treating such information as if it were in the record. [56]. Defendant's Reply does not respond to that record; it replaces it with new evidence and new arguments raised for the first time, in a brief to which Plaintiff has no right of response.

Plaintiff respectfully requests that this Court strike the improper new submissions and decide the Motion on the original record. Alternatively, if the Court declines to strike, Plaintiff requests leave to file a sur-reply of no more than 15 pages within 14 days of this Court's order.

## II. DEFENDANT'S REPLY CONSISTS OF NEW EVIDENCE AND NEW ARGUMENTS RAISED FOR THE FIRST TIME

Before addressing each issue, it bears emphasis that Plaintiff's Response cannot be blamed for prompting any of this. Defendant's Motion attached nothing — no declaration, no exhibits — and rested entirely on a citation to material this Court had already struck. Plaintiff's Response identified that defect for what it was and still acknowledged the inadequate information Defendant relied on from the struck entry. There was nothing new to respond to because there was nothing evidentiary in Defendant's Motion to begin with.

<u>The New Declarations and Exhibits</u>

Defendant's own Motion asserted that its identity was recorded in "Chinese business registration databases, which are publicly searchable... available to cross-border e-commerce IP litigators" — yet attached none. [51] at 5. Only after Plaintiff's Response identified that omission does Defendant produce, for the first time in Reply: a declaration from its counsel (Dkt. 59-1) and a second declaration from Han Wu, together attaching eight new exhibits, including a PRC government registration record and a business license for the entity at Defendant's claimed address, and an expanded Tianyancha search now showing six similarly-named entities rather than the two previously in the record. None of this evidence existed in the record Plaintiff responded to, and Defendant's own Motion confirms it was available to Defendant all along. Using a reply to supply evidence an opening motion should have contained — evidence Defendant itself said existed — is precisely what the rule against new evidence in reply exists to prevent.

<u>The New Legal Theories</u>

Defendant's Motion argued its address was verifiable through its Amazon profile and USPTO trademark. [51]. Its Reply argues something different: that Amazon's general seller-verification policies establish that this specific account was verified — a theory resting entirely on new exhibits neither specific to Defendant's account nor, in one instance, related to address verification at all. Its Reply further argues, for the first time, that a six-entity search makes Defendant's identity "easy" to determine, that a 2010 news article about Google's withdrawal from China undermines the reliability of Plaintiff's original search methodology, and that the postal-code discrepancy Plaintiff identified is immaterial because Chinese business licenses do not include postal codes at all — arguments that did not exist until Defendant developed this new evidentiary record after Plaintiff's Response was filed.

<u>The Escalated Relief and New Sanctions Theory</u>

Defendant's Motion sought dismissal or, alternatively, quashing service with leave to re-serve. [51] at 8. Its Reply now seeks dismissal and revocation of the Preliminary Injunction — relief neither requested nor briefed in the Motion — and separately accuses Plaintiff's counsel of "willful false statements," a theory raised nowhere before.

## III.     STRIKING IS THE APPROPRIATE REMEDY; ALTERNATIVELY, PLAINTIFF SEEKS LEAVE TO FILE A SUR-REPLY

Indeed, "a party may not introduce new evidence or raise new arguments on reply." *Int'l Star Registry of Ill., Ltd. v. Dan Dee Int'l, LLC*, No. 1:25-cv-06086, 2026 LX 392760, at *4 (N.D. Ill. July 21, 2026); *See United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996) (A reply brief "is not the appropriate vehicle for presenting new arguments or legal theories to the court"); *See Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011) ("A party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief."); *See also Pignons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1, 2 (1st Cir. 1983) ("Once a plaintiff has had a chance to prove a fact, he cannot reopen the matter simply by stating that he wishes to introduce more or better evidence.")

The consequence of violating this rule is waiver — "the Seventh Circuit holds that '[a]rguments made for the first time in a reply brief are waived.'" *Harper v. Wexford Health Sources, Inc.*, No. 14-CV-04879, 2017 U.S. Dist. LEXIS 95431, at *10 (N.D. Ill. June 21, 2017) (quoting *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006)); *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (citations omitted) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'")

The prejudice to Plaintiff is direct. Plaintiff has had no opportunity to test the authenticity or completeness of Defendant's new exhibits, question the new declarations, or address

Defendant's expanded search results — all developed only after Plaintiff identified the very gaps these submissions now attempt to fill. Nor has Plaintiff had any occasion to respond to relief Defendant never requested in its Motion, including revocation of the Preliminary Injunction, or to an unripe sanctions accusation raised for the first time in a brief to which no response is permitted as of right.

The proper remedy for new evidence and arguments improperly raised in reply is to strike them and decide the motion on the record as it existed. Any other result rewards exactly what occurred here: filing a motion with no evidentiary support, and supplying that support — evidence Defendant's own Motion acknowledged existed — only in a brief the opposing party cannot answer as of right.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court strike the new declarations, exhibits, and arguments in Defendant's Reply (Dkt. 59) and decide Defendant's Motion to Dismiss (Dkt. 51) on the original record. Alternatively, Plaintiff respectfully requests leave to file a sur-reply of no more than 15 pages within 14 days of this Court's order.

DATED August 5, 2026      Respectfully submitted,

            /s/ Ge (Linda) Lei
            Ge (Linda) Lei
            Getech Law LLC
            203 N. LaSalle St., Suite 2100,
            Chicago, IL 60601
            Attorney No. 6313341
            Linda.lei@getechlaw.com
            312-888-6633

            *ATTORNEY FOR PLAINTIFF*