**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Xingshao Li

                                  Plaintiff,

v.                                        Case No.:
1:26−cv−03970

Honorable Mary M. Rowland

The Individuals, Partnerships, and Unincorporated
Associations Identified on Schedule A, et al.

                                   Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 11, 2026:

       MINUTE entry before the Honorable Mary M. Rowland: Defendant Ahorasky's motion to dismiss for insufficient service of process [51] is granted. Although the Court previously authorized email service under Rule 4(f)(3), [25], the Seventh Circuit has since held that the Hague Convention forecloses service by email on defendants located in China. Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., 177 F.4th 793, 799802 (7th Cir. 2026). And while the Hague Convention is inapplicable where a defendant's address is unknown, a plaintiff must demonstrate "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address" before a court may deem an address unknown. Id. at 799. Plaintiff contends that its original investigation was reasonable because it entered Defendant Ahorasky's Amazon business address into Google Maps and the results returned five matching addresses in Shenzhen, China, none of which corresponded to Defendant Ahorasky 9;s seller alias or business name. [11] at 16. Plaintiff never, however, took the next reasonable step of actually investigating those addressesby sending a test mailing or an on−foot investigator, for exampleto determine whether any corresponded to Defendant Ahorasky's mailing address (Defendant Ahorasky, in fact, asserts that such an investigation would have succeeded). Plaintiff moreover resides in the same region of China as Defendant Ahorasky, [1] 4, and so could have potentially conducted that investigation itself. It did not. The Court therefore finds that Plaintiff's investigation was not reasonably diligent, that the Hague Convention applies, and that service by email was impermissible under that Convention. The Court is unpersuaded by Plaintiff's alternative argument that Defendant Ahorasky's response to the motion for default [47] waived any challenge to service: that response likewise argued that service was improper and so did not give Plaintiff "a reasonable expectation that [Defendant Ahorasky] will defend the suit on the merits." Kangol, 177 F.4th at 797. For these reasons, Plaintiff's action against Defendant Ahorasky is dismissed. Because insufficient service of process attacks a court's assertion of personal jurisdiction over a defendant, Swaim v. Moltan Co., 73 F.3d 711, 719 (7th Cir. 1996), the preliminary injunction against Defendant Ahorasky is vacated, Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the

district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."), and the dismissal is without prejudice. Healthcare Dev. Partners LLC v. Signet Health Corp., No. 24 CV 12343, 2025 WL 904361, at *6 n.5 (N.D. Ill. Mar. 25, 2025) ("A dismissal for lack of subject–matter or personal jurisdiction is without prejudice."). Plaintiff's motion to strike [61] is denied as moot. The Court strikes the status hearing set for 8/13/26. [62]. Plaintiff to file a status report by 8/17/26 informing the Court on which Defendants remain in this case and the status of these proceedings with respect to those Defendants. Mailed notice. (vjd, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.